IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIRK R. DIEFENDORF, | ) CIVIL NO. 20-00237 JAO-RT |
| | ) |
| Plaintiff, | ) ORDER TO SHOW CAUSE WHY THIS |
| | ) ACTION SHOULD NOT BE |
| vs. | ) DISMISSED WITHOUT PREJUDICE |
| | ) |
| HMC KEA LANI LP; CCFH MAUI, LLC; FAIRMONT HOTELS & RESORTS (U.S.); JOHN DOES 1–5; JOHN DOE CORPORATIONS 1-5; JOHN DOE PARTNERSHIPS 1–5; ROE NON-PROFIT CORPORATIONS 1–5; AND ROE GOVERNMENTAL AGENCIES 1–5, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On May 20, 2020, Plaintiff Dirk R. Diefendorf ("Plaintiff") filed a Complaint asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. Compl. ¶ 8. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of

citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, the citizenship of an unincorporated association, such as a limited partnership or limited liability company, "can be determined only by reference to all of the entity's members." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that he is a citizen of the State of California. Compl. ¶ 1. Plaintiff, however, does not allege the citizenships of the three named Defendants,

HMC Kea Lani LP; CCFH Maui, LLC; and Fairmont Hotels & Resorts (U.S.). Although Plaintiff recognizes that HMC Kea Lani LP is a Delaware limited partnership, he fails to identify its partners and their respective citizenships. Similarly, Plaintiff alleges that CCFH Maui, LLC is a Delaware limited liability company, but fails to identify the company's members and their respective citizenships.  Further, Plaintiff does not adequately allege the citizenship of Fairmont Hotels & Resorts (U.S.) because although the Complaint alleges that it is "a Delaware corporation," which suggests that it is incorporated in Delaware, there are no allegations as to the state where its principal place of business is located.

Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists.  Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiff must file a response to this Order to Show Cause by **June 5, 2020**, providing complete information concerning the citizenship[1] of each Defendant.  Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry its burden of

---

[1]   If any of the unincorporated Defendants' members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiff shall additionally identify those entities' members and provide their citizenships.

establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

    IT IS SO ORDERED.

    DATED:    Honolulu, Hawaiʻi, May 21, 2020.

Jill A. Otake
United States District Judge

CV 20-00237 JAO-WRP; *Diefendorf v. HMC Kea Lani LP, et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE